In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00067-CR


______________________________




JOHN REED MOUTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 344th Judicial District Court


Chambers County, Texas


Trial Court No. 11340




 






Before Morriss, Ross, and Grant,* JJ.

Opinion by Justice Grant



______________

*Ben Z. Grant, Justice, Retired, Sitting by Assignment


O P I N I O N



 John Reed Mouton appeals his conviction for possession of more than four grams, but less
than 200 grams, of cocaine with intent to deliver. On appeal, Mouton raises two points of error. 
Mouton contends that the police lacked probable cause to stop his vehicle, that the police lacked
probable cause to search his person and his property, and that the trial court abused its discretion by
overruling his Motion to Suppress on both grounds. 

A. Background.

 On March 29, 2000, Deputy Matt Ashby of the Liberty/Chambers County Narcotics Task
Force stopped Mouton's vehicle headed eastbound on Interstate 10 in Chambers County around
9:15 p.m. Ashby stopped Mouton for driving in the left lane not while passing. That area of I-10
has three lanes on the eastbound side and, according to Ashby's testimony, there are frequent signs
along that stretch of road indicating the left lane is for passing only. 

 Mouton appeared nervous during his initial contact with Ashby. Ashby also noticed Mouton
had a large bulge near his right front pocket. During the stop, Mouton expressed a need to "poop,"
which he did in a nearby field. During Mouton's dalliance in the field, Ashby saw Mouton fiddling
with something in front of him. Fearing Mouton had a weapon, Ashby drew his gun and ordered
Mouton to put his hands where Ashby could see them. Mouton did not comply with Ashby's
repeated requests. Mouton then removed a white item from his pocket and used it to clean himself. 
Ashby, still fearing for his safety, forced Mouton to the ground for failing to comply with Ashby's
instruction that Mouton put his hands where Ashby could see them. When Ashby moved closer, he
saw the white item was an envelope containing a small amount of marihuana. Ashby then arrested
Mouton. A search of Mouton following his arrest uncovered marihuana in his shirt and pants
pockets and cocaine near his groin. A subsequent search of Mouton's car found several items of drug
paraphernalia, including a syringe, a spoon, and some Brillo pads the officer testified are used in
crack pipes as filters for smoking drugs.

 Mouton filed a Motion to Suppress Evidence. Mouton and the State agreed to waive a jury
trial and asked the trial court to consider the Motion to Suppress simultaneously with a trial on
guilt/innocence. At the conclusion of evidence and arguments of counsel, the trial court denied
Mouton's Motion to Suppress and found him guilty as charged in the indictment. After a separate
punishment hearing, the trial court sentenced Mouton to eighteen years' imprisonment. The trial
court denied Mouton's request to issue written findings of fact and conclusions of law on the
suppression motion. 

B. The Standard of Review.

 A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. Oles v.
State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). An appellate court "may uphold a trial court's
ruling [on a motion to suppress] on any legal theory or basis applicable to the case, but usually may
not reverse a trial court's ruling on any theory or basis that might have been applicable to the case
but was not raised." Martinez v. State, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002). 

 We determine whether a trial court abused its discretion in overruling a motion to suppress
by examining the evidence in the light most favorable to the trial court's ruling, State v. Ballard, 987
S.W.2d 889, 891 (Tex. Crim. App. 1999), and affording almost total deference to the trial court's
determination of facts that the record supports, State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). However, we "review de novo
the court's application of the law of search and seizure to those facts." Ross, 32 S.W.3d at 856. The
trial court's ruling will not be overturned unless its decision was outside the zone of reasonable
disagreement. Salazar v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001).

C. Probable Cause to Stop.

 To preserve an error for appellate review, an objection or motion made before the trial court
must state the grounds of the complaint with sufficient specificity to make the trial court aware of
the complaint. Tex. R. App. P. 33.1(a); Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App.
1986); Morris v. State, 89 S.W.3d 146, 150 (Tex. App.-Corpus Christi 2002, no pet. h.). At trial,
Mouton argued that Article 544.011 of the Texas Transportation Code does not create a criminal
offense, the violation of which gives an officer probable cause to stop a motorist. Tex. Transp.
Code Ann. § 544.011 (Vernon Supp. 2003). On appeal, Mouton contends he did not have sufficient
notice of his duty to drive in the right-hand lane because the sign directing him to do so was not
easily visible. The objection raised on appeal does not match the objection presented before the trial
court. The complaint on appeal has to do with notice; the trial objection dealt with whether a statute
imposed a criminal penalty, thereby affording an officer probable cause to stop Mouton's vehicle. 
Because the objection raised on appeal was not presented before the trial court, Mouton's first issue
has not been preserved for our review. 

 Even if we found the issue to have been preserved for review, we would nonetheless overrule
Mouton's first point of error. Ashby stopped Mouton without a warrant and, therefore, the State bore
the burden of demonstrating the stop was reasonable within the totality of the circumstances. See
Hulit v. State, 982 S.W.2d 431, 436 (Tex. Crim. App. 1998); Russell v. State, 717 S.W.2d 7, 10 (Tex.
Crim. App. 1986). To justify a traffic stop, the officer must observe specific objective, articulable
facts which, in light of the officer's experience and personal knowledge, together with inferences
from those facts, would warrant a reasonable person to believe a traffic violation had occurred. See
Davis v. State, 947 S.W.2d 240, 242-43 (Tex. Crim. App. 1997); Valencia v. State, 820 S.W.2d 397,
399 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd). This standard is an objective one: there need
only be an objective basis for the stop; the subjective intent of the officer conducting the stop is
irrelevant. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). 

 Section 544.011 of the Texas Transportation Code states, 

 If, on a highway having more than one lane with vehicles traveling in the same
direction, the Texas Department of Transportation or a local authority places a sign
that directs slower traffic to travel in a lane other than the farthest left lane, the sign
must read "left lane for passing only."

 

Tex. Transp. Code Ann. § 544.011. "The operator of a vehicle or streetcar shall comply with an
applicable official traffic-control device placed as provided by this subtitle unless the person is: 
(1) otherwise directed by a traffic or police officer; or (2) operating an authorized emergency vehicle
and is subject to exceptions under this subtitle." Tex. Transp. Code Ann. § 544.004 (Vernon
1999). A lawfully placed sign is a "traffic-control device." Tex. Transp. Code Ann. § 541.304(1)
(Vernon 1999). A violation of Article 544.011 of the Texas Transportation Code is a misdemeanor
offense punishable by a fine of not less than $1 or more than $200. Tex. Transp. Code Ann. §§
542.301, 542.401 (Vernon 1999). 

 Ashby testified there are signs reading "left lane for passing only" a few miles before the
location where he stopped Mouton. Ashby further testified that he followed Mouton for at least a
mile before stopping him for traveling in the left lane while not passing. Ashby stopped Mouton
near mile marker 823 or 824. There was evidence that the "left lane for passing only" signs appeared
at mile markers 812, 820, and 827. This evidence would establish Mouton violated Article 544.011
of the Texas Transportation Code, thereby providing Ashby specific, articulable facts that would
reasonably lead him to believe Mouton had violated the traffic law. Therefore, Ashby had probable
cause to stop and detain Mouton for the observed misdemeanor offense. See Whren v. United States,
517 U.S. 806, 809 (1996) (traffic stop will be valid as long as a reasonable officer in the same
circumstances would have stopped the car); Green v. State, No. 06-01-00226-CR, 2002 WL
31432451, at *2-3 (Tex. App.-Texarkana Nov. 1, 2002, pet. filed) (violation of Article 544.011
provides probable cause for traffic stop). We overrule Mouton's first point of error.


D. The Search.

 In his second point of error, Mouton contends the officer was unjustified in searching Mouton
or the white envelope's contents. Mouton contends the envelope "was forcefully taken from him."
The State responds the officer acted reasonably in conducting a protective search of Mouton for
weapons in light of the circumstances. 

 Despite Mouton's assertion to the contrary, the record is not clear as to whether Ashby got
the envelope from Mouton's hands or from the ground. Ashby did not testify whether he took the
envelope from Mouton's hands or off the ground. During cross-examination, Mouton asked Ashby,
"You couldn't actually see marijuana in this envelope anyway, could you . . . ? . . . . Without picking
it up and opening it?" Ashby responded affirmatively. We believe Ashby's testimony suggests
Mouton dropped the envelope before Ashby took possession of it. There is no evidence in the record
affirmatively stating Ashby forcibly removed the white envelope from Mouton.

 The Fourth Amendment does not protect property that has been voluntarily abandoned. Abel
v. United States, 362 U.S. 217, 241 (1960). When officers seized abandoned property that has been
voluntarily abandoned, no violation of the Fourth Amendment occurs. Hawkins v. State, 758 S.W.2d
255, 257 (Tex. Crim. App. 1988). Voluntary abandonment occurs if the defendant intended to
abandon the property and the decision to abandon the property was not induced by police
misconduct. Brimage v. State, 918 S.W.2d 466, 507 (Tex. Crim. App. 1996) (op. on reh'g). 

 There is no evidence suggesting Mouton desired to retain the envelope after using it to clean
himself. Equally essential is the lack of an indication that Mouton's abandonment of the envelope
was the product of police misconduct: the incident was not filmed by the officer's in-car camera,
Ashby did not say he ordered Mouton to drop the envelope, and no witnesses testified Mouton
abandoned the envelope as a result of Ashby's misconduct. See id. Nor does Mouton himself
contend he dropped the envelope as a result of police misconduct. Therefore, we believe the weight
of the evidence supports a finding that Mouton voluntarily abandoned the white envelope before
Ashby retrieved it. See Ross, 32 S.W.3d at 856 (reviewing court must afford deference to factual
findings that would support the trial court's ruling). As abandoned property, Ashby was free to
retrieve the envelope and inspect its contents. State v. Velasquez, 994 S.W.2d 676, 679 (Tex. Crim.
App. 1999) (drugs found in defendant's abandoned luggage are not subject to Fourth Amendment
protections). Accordingly, no Fourth Amendment violation occurred as a result of Ashby opening
the envelope. Probable cause to arrest existed once Ashby opened the envelope abandoned by
Mouton and discovered the marihuana. See id. (drugs found in the defendant's abandoned luggage
provided probable cause for the arrest). The resulting search of Mouton's person was a lawful search
incident to his arrest for the marihuana. The trial court did not err in denying Mouton's Motion to
Suppress the cocaine seized from Mouton's person.

 Mouton further argues the trial court should have suppressed the items seized from his
vehicle as the product of an illegal search. The Motion to Suppress filed with the trial court alleges
that "no reasonable suspicion nor probable cause existed that the vehicle contained any
instrumentalities of a crime or contraband and all items seized [from the car] were seized illegally
without a warrant and/or by other legal process." Because he presented this issue in a written motion
to the trial court, Mouton preserved this issue for our review. Tex. R. App. P. 33.1.

 In a motion to suppress the fruits of a police search, a defendant has the initial burden of
proof. Bishop v. State, 85 S.W.3d 819, 821 (Tex. Crim. App. 2002). After a defendant shows a
warrantless search occurred, the burden shifts to the State to prove a warrant existed or an exception
to the Fourth Amendment justifies the warrantless search. Id. at 822. If clear and convincing proof
justifying the warrantless search is not presented before the trial court, the illegally obtained evidence
may not be admitted at trial. See State v. Ibarra, 953 S.W.2d 242, 245 (Tex. Crim. App. 1997). In
the case at bar, it appears the parties agreed a warrantless search occurred, so the State assumed its
burden of proving an exception to the Fourth Amendment justified the search of Mouton's vehicle.

 One exception to the Fourth Amendment prohibition against warrantless searches is a search
incident to arrest. New York v. Belton, 453 U.S. 454 (1981). "[W]hen a policeman has made a
lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of
that arrest, search the passenger compartment of that automobile." Id., 454 U.S. at 460. In the case
at bar, Ashby testified he searched the vehicle following Mouton's arrest. Therefore, the search was
permissible under the Fourth Amendment. Though the trial court's denial of Mouton's arrest did not
rest on this theory, and though the State failed to argue this exception before the trial court, we are
authorized to uphold a trial court's denial of a Motion to Suppress under any theory applicable to the
case. A syringe containing a clear liquid substance was found on the driver's side floorboard, a
spoon was found between the cupholders in the center console, and Brillo pads were found in the
center console. Because an automobile search incident to the driver's arrest is a clear exception to
the Fourth Amendment's warrant requirement, we cannot say the trial court abused its discretion by
overruling Mouton's Motion to Suppress.

 We affirm the trial court's judgment.

 


 Ben Z. Grant*

 Justice


*Justice, Retired, Sitting by Assignment


Date Submitted: November 20, 2002

Date Decided: March 7, 2003


Publish






 



tnoteText, li.MsoFootnoteText, div.MsoFootnoteText
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin:0in;
 margin-bottom:.0001pt;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") f1;
 mso-first-header:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") f2;
 mso-first-header:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-047-CR%20Robertson%20v.%20State%20Opinion%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00047-CR

                                                ______________________________

 

 

                          ROBERT DEWAYNE ROBERTSON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 115th
Judicial District Court

                                                            Upshur County, Texas

                                                            Trial
Court No. 15,652

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Robert Dewayne
Robertson appeals from his conviction on his open plea of guilty for possession
of precursors with intent to manufacture methamphetamine.  The court assessed punishment at twenty
years imprisonment.  

            Robertsons
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail. Counsel has thus provided a professional evaluation of
the record demonstrating why, in effect, there are no arguable grounds to be
advanced.  This meets the requirements of
Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); High v. State,
573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Robertson June 23, 2011, informing Robertson
of his right to file a pro se response and of his right to review the record.  No response has been filed.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  

            We have
determined that this appeal is wholly frivolous. We have independently reviewed
the clerks record and the reporters record, and find no genuinely arguable
issue.  See Halbert v. Michigan, 545 U.S. 605,
623 (U.S. 2005).   We, therefore, agree
with counsels assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 82627 (Tex. Crim. App. 2005).  

            We do note,
however, that the trial courts judgment in this case states that the
conviction was pursuant to a plea bargain agreement.  This is also reflected in the certification
of right to appeal, which indicates that the conviction was based upon a plea
agreement, but that the trial court granted permission to appeal.  Our review of the record shows this to be an
open plea of guilty, with no plea bargain. 
This Court has the authority to modify the judgment to make the record
speak the truth when the matter has been called to our attention by any
source.  French v. State, 830 S.W.2d 607 (Tex. Crim. App. 1992).  In Asberry v. State,
813 S.W.2d 526 (Tex. App.Dallas 1991, pet. refd),
the court noted that the authority of the appellate court to modify incorrect
judgments is not dependent on request of any party; the appellate court may act
sua sponte.  The Texas Rules of Appellate Procedure
provide direct authority for this Court to modify the judgment of the trial
court.  Tex.
R. App. P. 43.2.  We modify the
judgment to reflect that the conviction was pursuant to an open plea of guilty
rather than a plea bargain.

            We
affirm the judgment of the trial court.[1]

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          September
2, 2011      

Date Decided:             September
6, 2011

 

Do Not Publish           

 

                                                                        

 

 

            

 

 

 

 

 











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsels request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either retain
an attorney to file a petition for discretionary review or appellant must file
a pro se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing or
for en banc reconsideration was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with the clerk of the Texas Court of Criminal Appeals.  See
Tex. R. App. P. 68.3. (amended by
the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1,
2011).  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex.
R. App. P. 68.4.